Warrington v. Stewart.

MAUDE P. WARRINGTON, ADMINISTRATRIX, APPELLEE, V. WILLIAM A. STEWART, APPELLANT.

FILED MAY 1, 1915. No. 18102.

1. Appeal: FINDING: EXISTENCE OF PARTNERSHIP. In an action for a partnership accounting, where the existence of the partnership is denied by one of the alleged partners, the finding of the district court that there was a partnership, if supported by the evidence, will not be disturbed.

2. ———: ACCOUNTING: MODIFICATION OF DECREE. The findings of the district court in making the accounting, in so far as they appear to be correct, will not be disturbed; but, where it appears that one of the partners has not been given a credit for certain sums of money paid by him for the benefit of his deceased partner, such credit will be given, and the judgment of the district court, as thus modified, should be affirmed.

APPEAL from the district court for Dawson county: RALPH W. HOBART, JUDGE. *Affirmed as modified.*

*H. M. Sinclair* and *E. A. Cook*, for appellant.

*Niles E. Olson* and *Wilcox & Halligan*, contra.

BARNES, J.

Appeal from a judgment in an action for a partnership accounting. The cause was tried in the district court

for Dawson county before Honorable Ralph W. Hobart, judge of the Seventeenth judicial district, sitting for Judge Grimes, of the Thirteenth judicial district, and resulted in a judgment against the defendant for -$3,749.89. From that judgment defendant has appealed.

It appears that the defendant and Theodore L. Warrington in the year 1892 became equal partners in the practice of the law at Lexington, Nebraska, and continued in business until the 17th day of January, 1906, at which time there was an accounting between them and a settlement of their partnership business; that at that time Warrington, who was in ill health, went with his wife and one of his daughters to the Pacific coast; that he returned some time in April, 1906, and from the date of his return until his death, which occurred in March, 1911, Warrington occupied a desk in their old office in Lexington, Nebraska. It was claimed by defendant, Stewart, that the partnership, which had existed between himself and Warrington, was dissolved and terminated at the time of their settlement in 1906, while it was insisted by the administratrix of Warrington's estate that the partnership was never dissolved until Warrington's death. That issue was resolved in favor of the administratrix, and, while the evidence on that question was somewhat conflicting, we are not disposed to disturb the finding and judgment of the trial court so far as that issue is concerned. We give full credit to the testimony of Judge Sinclair, and it is apparent that when Warrington went to the Pacific coast he never intended to return and engage in the practice of law; but it appears that, having in a measure recovered his health, he did return, and the partnership was apparently continued from the date of his return until his death, and we think there is sufficient evidence to sustain the finding of the trial court on that question.

As to the matter of the accounting, the evidence seems generally to sustain the findings of the trial judge that from January, 1906, until the time of Warrington's death, the firm earned $20,331.64, of which amount Warrington received $3,956.65 and Stewart received $16,374.99; that

Stewart paid all of the expenses of the business, amounting to $4,918.56, and that Warrington's estate should receive $7,706.54; that Warrington had received only the sum of $3,956.65, leaving a balance due his estate from the partnership of $3,749.89. We find, however, upon an examination of the record, that Stewart paid for and on account of debts owing by Warrington, and at his request, the sum of $1,967.10, consisting of the following items: To the First National Bank of Lexington, $505.15; to Mrs. Jane Wilder, $1,376.95; to cash by draft sent to Warrington at Dayton, Oregon, $85.

So far as we are able to discover from the record, the trial court failed to give Stewart that credit. This would leave a balance due from Stewart to the Warrington estate of $1,782.79. As we view the record, the judgment of the district court should be modified to that extent, and appellant should recover his costs in this suit.

As so modified, the judgment of the district court is

AFFIRMED.

FAWCETT, SEDGWICK and HAMER, JJ., not sitting.

The following opinion on motion to modify judgment was filed September 20, 1915. *Judgment modified.*

PER CURIAM.

The appellee has filed a motion asking the court to modify the judgment for the reason that the court in recasting the account failed to give her credit for an item of $750 which she claims was admitted by the appellant to be due her. The court permitted the appellant to file a brief in answer to this contention. In this brief it is conceded that the appellee was entitled to this credit. In addition, the brief argues that this court erred in its conclusions upon the evidence and in the amount of its judgment. The appellant filed no motion for a rehearing within the time fixed, challenging the correctness of the original judgment. The adjudication, therefore, became final as to him.

The evidence supports the appellees contention as to the $750 item. She is entitled to have the judgment increased to that extent.

JUDGMENT MODIFIED.